**RECEIVED**

FEB 1 2 2015

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

COURT OF APPEALS
SECOND DISTRICT OF
TEXAS FORT WORTH

FILED
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

FEB 1 2 2015

DEBRA SPISAK, CLERK

NO. 02-15-00019-CV

PATRICK EVANS                              APPELLANT

V.

THE STATE OF TEXAS                         APPELLEE

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS OF TEXAS!

STATEMENT DECLINING ORAL ARGUMENT
( Oral argument of this case is not requested
on behalf of Appellant.
)

STATEMENT OF THE CASE

This appeal has resulted from a denial of a
motion for an automobile (Dodge Intrepid) to be
released, and the automobile been sold without been
authorized by the trial court.

1.

# INDEX OF AUTHORITIES

## CASES

HARDY V. STATE, 102 S.W.3d 123          P.
   ( Tex.2003 )

IN RE GORE, 251 S.W.3d 696          P.
( Tex.App- San Antonio 2007 )

U.S CURRENCY V. STATE, 282 S.W.3d 244          P.
( App. 9 Dist. 2009 )

## STATUTES

Texas Code of Criminal Procedure Chapter 59          P.

Texas Rules of Appellate Procedure Rule 44.1(a)          P.

# IDENTITY OF PARTIES

Appellant :

Patrick Evans #1445660
2665 Prison Rd #1
Lovelady Tk 75851
EA Unit.

Appelle

State of Texas

3.

## PROCEDURAL HISTORY OF THE CASE:

The Court of Appeals rendered its decision affirming the conviction on August 12, 2009. The automobile was sold January 21, 2009. Appellant filed a PDR, State habeas corpus, and Federal habeas corpus which was denied January 05, 2015.

## GROUND FOR REVIEW

Texas Rules of Appellate Procedure rule 44.1 (a)(1) - Trial court made an error of law and made an improper judgement.

## QUESTIONS FOR REVIEW

1. Trial judge erred by denying appellant motion to release an automobile.

2. City of Fort Worth sold automobile to Tony Johnson without been authorized.

Arguement Question For Review No. One and Two.

Arguement / Applicable Law No. One and Two.

In reviewing a challenge to the sufficiency of the evidence supporting a claim that money or motor vehicles were proceeds of illegal activity, as would justify forfeiture, an appellate court looks for a substantial connection between the property and illegal activity. see U. S. Currency V. State, 282 S.W. 3d 244 (App. 9 Dist. 2009). A trial court abuses its discretion in scheduling discovery when it acts in an un-reasonable or artbitrary manner, or when it acts without reference to guiding rules and principles. See In Re Gore, 251 S.W. 3d 696 (Tex. App — San Antonio 2007). Chapter 59 of Texas Code of Criminal Procedure prescribes the procedures governing Civil forfeiture. A Civil forfeiture action is an in rem proceeding against contraband. See Hardy v. State, 102 S.W. 3d 123, 126-27 (Tex. 2003). To effect forfeiture, the state must commence a forfeiture proceeding within thirty days after seizure of the contraband. Tex. Code. Crim. Pro. art 59.04(a). In this case state never filed a notice of seizure of appellant's Dodge Intrepid

and intended forfeiture with the district court in Tarrant County where seizure occurred. The trial court denied appellant's motion for the Dodge Intrepid to be released to appellant's mom Linda Kydd. Since a warrant was issued 4 days after the seizure of the Dodge, the trial court has jurisdiction. See Exhibit A. As stated previously, Chapter 59.04(b) a notice of seizure and intended forfeiture is required. Appellant never received notice and the docket does not reveal any notice of seizure. see Exhibit B. The car was sold while appellants direct appeal was pending. See Exhibit C. It is apparent that the trial court failed to perform its requisite statutory duty. The trial court knew appellant was the owner of the Dodge and he was in the city jail (later transfered to Texas Department of Correction Justice, TDCJ). According to art. 59.04(2)(c). appellant had to be notified and be giving a chance to have car picked up.

The car was sold illegally.

Conclusion, appellant has shown with facts that he was denied the proceeding according to Tex. Code. Crim. Proc Chapter 59 and ask this Court to grant this appeal.

## PRAYER

Appellant prays this Court grant this appeal

Submitted by

_____

Patrick Evans #1445660
2665 Prison Rd #1
Lovelady, Tx, 75851

2.

# CERTIFICATE OF SERVICE

A true copy of the about brief has been mailed to Court of Appeals, Second District, 401 W. Belknap, Suite 9000. Forth Worth Texas, 76196. Appellant request the clerk to mail a copy to Appellee. on 2/10/15.

Made Pursuant to Federal Law, 28 U.S.CA. 1746 and STATE Law, V.T.C.A. Civil Practice and Remedies Code 132.001 - 132.003.

PATRICK EVANS, TDCJ-ID # 1445660, Being presently incarcerated in the Texas Department of Criminal Justice, Eastham Unit, Declare under penalty of perjury that the exhibits filed are True and Correct.

Executed on 2/10/2015

by [signature]

Exhibit A · Search warrant

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

AUG. 0 9 2005
Page 1 of 4
TIME 10:15
BY VS DEPUTY

## AFFIDAVIT FOR SEARCH WARRANT

SW-14126

COUNTY OF TARRANT )(
STATE OF TEXAS )(

The undersigned affiant, Detective J.T. McCaskill, being a peace officer under the laws of the State of Texas and being duly sworn on oath, makes the following statements and accusations:

1. THERE IS IN FORT WORTH, TARRANT COUNTY, TEXAS, A SUSPECTED VEHICLE DESCRIBED AND LOCATED AS FOLLOWS:

   A black 2001 Dodge Intrepid, Texas license ▮▮▮▮▮ VIN ▮▮▮▮▮▮▮▮

2. THERE IS IN SAID SUSPECTED VEHICLE PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS:

   Blood, hair, fibers, or any other bodily fluids that may link Melvyn Williams (deceased) to this vehicle
   Firearms, ammunition or any other firearm related material
   Any narcotics, narcotics paraphernalia or other narcotics related material
   Currency
   Cell phone(s)
   Any items or property that might be construed as evidence in this case

3. SAID SUSPECTED VEHICLE IS IN CHARGE OF AND CONTROLLED BY:

   Patrick Evans, a black male, date of birth 04/29/79

4. IT IS THE BELIEF OF AFFIANT, AND THE HEREBY CHARGES AND ACCUSES THAT:

   Patrick Evans committed the offense of Capital Murder by shooting Melvyn Williams multiple times during the commission of a robbery in the Houston, Texas vicinity. Evans then transported the body of Melvyn Williams to Fort Worth, Tarrant County, Texas and concealed his body in a storage shed behind a residence in Fort Worth, Tarrant County, Texas.

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

That on 8-5-05, your affiant was a Fort Worth Police Detective assigned to the Homicide Unit. Your affiant received a telephone call from City of Fort Worth Marshall Devon Davis. Marshall Davis told your affiant that he had been contacted by a personal acquaintance who related to him that a deceased human body had been stored in a storage building behind her residence by a person known to her only as "Pat".

That your affiant asked Marshall Davis if he would be in a position to transport any persons with knowledge of this to the Homicide Office to speak with your affiant. Marshall Davis transported Wanda Faye Williams and Shirley Toliver to the Homicide Office. Your affiant briefly spoke with Wanda Williams who related that her nephew, Joseph Toliver, told her that the subject known to her as "Pat" had brought a body to Fort Worth from Houston and had put the body in the shed behind the residence that she owns at 5416 Purington.

That Wanda Williams signed a consent to search form, granting your affiant and any other police personnel to search her property in an attempt to determine if a human body was present or not.

That your affiant established contact with personnel from the Fort Worth Police SWAT Unit and requested assistance. As a result, Officers J. A. Ferguson, ID #1882 and D. J. Nelson, ID #2208 responded to the 5400 block of Purington and took up a position of surveillance. Your affiant and CSSU Officer W. L. Walles left police headquarters and proceeded towards the 5400 block of Purington. Williams had provided your affiant with information that "Pat" drove a dark Dodge Intrepid with Texas license plate ███████. This information was provided to SWAT Officers.

That while en route to the 5400 block of Purington, your affiant was contacted by SWAT Corporal D. J. Bruce, ID #1818 and advised that the Dodge in question had pulled up to the residence. Your affiant obtained registration information that the vehicle registered to a Patrick Evans from Spring, Texas. A photograph of Patrick Evans, a black male, date of birth 4-24-79, was placed in a photo spread consisting of that photo and photos of five other black males of similar physical characteristics. Wanda Williams positively identified the photograph of Patrick Evans as the person to whom she was referring to as "Pat". According to Williams, she went to the storage shed behind the home she owns and observed what she believed to be a human body wrapped up in material.

That SWAT Officers Ferguson and Nelson obtained a photograph of Evans and were able to positively identify him as exiting the Dodge Intrepid at 5416 Purington. Evans had a box that contained a Ryobi chain saw that appeared to have been recently purchased. Evans stayed at the residence for a short while, while another subject left in the Dodge.

That another subject in the Dodge returned and picked up Evans shortly afterwards. Officers Ferguson and Nelson were aware that your affiant had obtained consent to search from Wanda Williams. The officers entered the back yard of the residence at 5416 Purington and from their vantage point they were able to see inside the open door of the shed located near the southeast corner of the back yard. The officers observed what appeared to be a blanket or tarp with a bedspread near the doorway. Officers Ferguson and Nelson were able to see what appeared to be a human torso through an opening in the tarp or blanket. Your affiant was made aware of their observations. Your affiant went to 5416 Purington and met with Officers Ferguson and Nelson. They directed your affiant to the storage shed behind the primary residence. Your affiant observed what he believed to be a human body wrapped in a tarp located just inside the open door of the storage shed.

That other SWAT personnel maintained surveillance on the subject identified as Patrick Evans. He was observed traveling to an apartment complex in east Fort Worth, where he and two other subjects entered a white 1996 Pontiac displaying Texas license ███████ That two other subjects entered the black Dodge Intrepid that was occupied by Evans and left the apartment complex. As a result of this investigation, a police pursuit was initiated that ended in a traffic accident involving the Pontiac. Patrick Evans was driving the fleeing vehicle and was arrested for charges resulting from the pursuit. The Pontiac was impounded at the Fort Worth Police Auto Pound following the accident.

That personnel from the Fort Worth Police SWAT Unit followed the Dodge Intrepid to a store at 1401 Cooks Lane, Fort Worth, Texas. SWAT Officers arrested black male Michael Howard, date of birth 12/15/74 for a narcotics violation from the vehicle. The Dodge Intrepid was impounded as a result of the arrest.

COUNTY OF TARRANT )(
STATE OF TEXAS )(

That Michael Howard gave a written, voluntary statement detailing that he has known Patrick Evans since 1996. Howard stated that sometime over the previous weekend, he was present when Evans was talking about having a "lick" (a street term commonly known as committing a robbery) in Houston involving narcotics. According to Howard, he drove Evans's vehicle after Evans wanted to switch cars. Howard stated that he opened the trunk looking for "weed" (marijuana). Howard said that he observed blood in the trunk of the car.

That a search warrant was obtained and executed at 5416 Purington. The body of an unidentified male was recovered wrapped in a tarp and other materials from the storage shed behind the residence at 5416 Purington. Drops of apparent blood were observed in the entry to the storage shed as well as the driveway of the residence. A Ryobi chainsaw was found in the box in the back yard of the residence near the entrance to the storage shed. Two aluminum or galvanized trashcans were also in the back yard that appeared to be new. A bloody shirt was found in a trashcan located on the west side of the house. A blue 1995 Mazda displaying Texas license ▮▮▮▮ was found in the garage of the home. The front passenger window was smashed. Based on your affiant's observation of broken glass in the garage, your affiant believes the glass was broken while the vehicle was in the garage. This vehicle was also impounded.

That Courtney Davis, a black male, date of birth 8/2/78 was in the fleeing vehicle driven by Patrick Evans when the traffic accident occurred. He was briefly hospitalized and placed under arrest for three outstanding Class C misdemeanor warrants. He transported to the Fort Worth Police Homicide Unit after release from John Peter Smith Hospital.

That your affiant and Detective M. J. Carroll, ID #1927 met with Davis in an interview room adjacent to the Homicide Office. Your affiant read in the Miranda warnings to Davis at that time. Davis provided to a voluntary statement regarding his knowledge of this offense.

That in Davis's statement, he related that he has known Patrick Evans by name and sight since high school. Davis stated that over the previous weekend, Patrick Evans was talking about "hitting a lick". According to Davis, evidence stated that he was going to "hit the lick" alone.

That Davis related that he was made aware from an acquaintance that Evans had "hit the lick". As a result, Davis stated that he and several friends went to the residence at 5416 Purington and waited for Evans to arrive. Davis stated that on Thursday, 8/4/05, that Evans arrived at that residence in the late afternoon or early evening hours. Davis described that Evans was driving the Dodge Intrepid that he normally drove. Davis related that he and his friends approached the vehicle as Evans opened the trunk. Davis observed what he believed to be a human body wrapped in a comforter in the truck of the vehicle. According to Davis, Evans stated that he "hit a lick" in Houston and was involved in an altercation with the victim. Davis related that Evans stated that he hit the subject in the head with a brick or handgun.

That Davis advised Detective Carroll that Evans told him to get some bags out of the truck of the vehicle. Davis related that he observed that these bags contained both money and marijuana. Davis stated that he took these bags into the residence. According to Davis, Evans backed the Dodge Intrepid into the garage of the residence. At that time, Evans and a subject known to Davis as "Baby" removed what he believed to be a human body that was wrapped in the comforter from the truck of the vehicle. Davis stated that the body appeared to the large in stature. Davis further related that Evans and "Baby" to the body and put it in the storage shed behind the primary residence. Davis stated that he picked up bloody rags from the truck of the vehicle and gave them to Evans. Davis also related to Detective Carroll that Evans told him that the body was that of the subject on which he "hit the lick" in Houston.

**COUNTY OF TARRANT** )(
**STATE OF TEXAS** )(

)hat your affiant procured an arrest warrant for Patrick Evans for the offense of Capital Murder. Your affiant completed the required paperwork to add the Capital Murder charge to the existing charge of Evading Arrest.

That your affiant attended the autopsy of the body recovered from the storage shed behind 5416 Purington Avenue. Multiple gunshot wounds to the head were discovered and your affiant learned that more than one projectile was recovered. The deceased subject was identified as Melvyn Williams. Your affiant subsequently discovered that Williams was reported missing by family members to the Harris County Sheriff's Office on 8/5/05.

That your affiant subsequently learned that Harris County Deputy Sheriff L.A. Ditta, ID #4177, met with Williams's sister, Wilma Shackelford. She reported that Williams was picked up by a subject identified in the report as "Pat", a black male who drove a 2001 black Dodge Intrepid. Deputy Ditta reported that a friend of Williams identified as Ketrick Morgan spoke with "Pat" via cell phone on 8/4/05, after Williams failed to return home. According to the report, "Pat" told Morgan that he dropped Williams off near State Highway 249, where he entered another vehicle.

That your affiant is requesting that a search warrant be issued granting your affiant and any other assisting police personnel permission to search and process the aforementioned vehicle for potential evidence to aid in the investigation into the death of Melvyn Williams. Your affiant is aware that DNA and other forensic testing methods can identify blood, hair or other bodily fluids to determine whether or not they originated from Melvyn Williams. Your affiant is also aware that ballistics examination can determine if any firearms recovered during the course of this investigation fired the projectile that were recovered at the time of Williams autopsy. Your affiant has knowledge that cellular telephones may contain telephone numbers or other information that may link the defendant Evans and the victim or other potential suspects. Because Patrick Evans can be linked to the aforementioned ~~v~~hicle, your affiant is attempting to recover any narcotics and/or currency that may be concealed within this vehicle.

WHEREFORE, your affiant asks for issuance of a search warrant according to the provisions of the State of Texas that will authorize him to search said suspected vehicle for the item(s) described above and seize the same.

_____
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME by said affiant on this the 9 day of Aug , 2005.

_____
Magistrate in and for Tarrant County Texas

_____
Title and Office Held by Magistrate

Exhibit B – Docket Sheet

STATE OF TEXAS Vs.

09894580 EVANS, PATRICK

TR000057349727

| No. | CAPITAL MURDER | DOB:04/24/79 |
| Offense | CDC2 CID #467384 | OFF # 099928 |
| | NCIC # 0990002B | FILED:08/11/05 |
| | OFFENSE: 08/05/05 | |

## CRIMINAL DOCKET

DISPOSITION OF CASE

Right Thumb Print

| | | |
|---|---|---|
| State's Attorney | Alan Martin Lisa Callaghan | |
| On Probation Revocation | | |
| Defendant's Attorney | Timothy Kirens & Patrick Curtis | |
| On Probation Revocation | | |
| Surety | | |
| Appeals Attorney | | |

**JUL 18 2006** — States Waiver of Death Penalty filed

**AUG 21 2006** — Defendants Writ for Discovery

10/25/06 — Defendants Request for Notice of

10/26/06 — Brady Motions

**NOV 13 2006** — Trial

MAR 12 2007 — Trial

4/13/07 — (2) States Notice filed

**Status/Plea Cut Off**

---

**AUG 1 1 2005** COMPLAINT FILED _____ BOND SET AT $500,000

(CRIMINAL) DISTRICT COURT

TRANSFERRED TO CDC 2

8/16/05 Order Appointing Criminal Defense Atty filed

States Pro Se Motion for Discovery filed

OCT 26 2005 INDICTMENT VOLM 23 PAGE 158

OCT 27 2005 States Arraignment of Ready filed

10/18/06 Writ to Show Indictment filed

JAN - 9 2006 **Consultation**

3/6/06 An Ad Litim for Discovery of Impeachment

**MAY 15 2006 Evidence Exchange**

09-06-06 motion objecting to Hearsay statements and confessions

admissions and written violations

motion to exclude irrelevant utterances

motion to reappoint two investigators and

motion to appoint co-counsel filed by Defendant K.

1-29-06 motion of Defendant Pursuant to Brady V.

Maryland for production of Exculpatory Evidence filed

JUL 10 2006 **Motion Docket**

---

**Thomas A. Wilder**
DISTRICT CLERK
TARRANT COUNTY, TEXAS

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED




| Date | Trial |
|---|---|
| JUN 1 8 2007 | **Trial** |
| 6/19/07 | Motion in Limine #1 |
| 6/25/07 | Agreement allowing jury to separate |
| 6/15/07 | Jury Called |
| 6/18/07 | Defendant arraigned before the court and entered a plea of Not guilty to Capital Murder. Jury Seated & sworn; Defendant arraigned before the jury and entered a plea of Not guilty. |
| 6/19/07 | Testimony begins |
| 6/25/07 | Court's Charge filed. Jury Verdict: Guilty of Capital Murder. Automatic Life. Defendant sentenced to Life in the Institutional Division of the Texas Department of Criminal Justice. Sentence to run with credit for time spent in Custody on this cause. Defendant advised of his appeal rights. |
| 6/25/07 | Trial Court's certification of Defendant's Right to appeal filed. |

**NOTICE OF APPEAL**

| Date | |
|---|---|
| 4/25/07 | MOTION FOR FREE REPORTER'S RECORD AND AFFIDAVIT OF INABILITY TO PAY FOR COUNSEL AND REPORTER'S RECORD |
| | ORDER APPOINTING COUNSEL FOR THE APPEAL AND ORDER FOR COURT REPORTER TO PREPARE REPORTER'S RECORD (Richard Scott Walker) |
| 6/26/07 | Copy of appeal letter sent to atty |
| JUN 2 0 2007 | COPY OF JUDGEMENT, NOTICE OF APPEAL, TRIAL COURT'S CERTIFICATION AND ATTORNEY APPOINTMENT LETTER SENT TO STATE AND COURT OF APPEALS |

Exhibit C — Bryan N. Bice
proof of sale

Subject: PIR 34066-051914

From: Bice, Bryan N. (Bryan.Bice@fortworthtexas.gov)

To: kydd@ATT.NET;

Date: Thursday, May 29, 2014 2:10 PM

Ms. Kydd,

*DA- 817-884 1620*

Since the records fall outside of the retention timeframe, all paper records for this vehicle have been destroyed. However, I was able to find out the vehicle was sold on 01/21/2009 to a Tony Johnson for $425. Questions regarding the Judge should be directed to that court.

Respectfully,

**Bryan N. Bice 2813**

Legal Liaison Officer

Internal Affairs Section

Fort Worth Police Department

817-392-4277